**SO ORDERED.**

**SIGNED this 27th day of March, 2015.**





Robert E. Nugent
United States Chief Bankruptcy Judge

___

DESIGNATED FOR ONLINE PUBLICATION ONLY

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JONATHAN EDWARD LEDIN, | ) | Case No. 14-12347 |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| JONATHAN EDWARD LEDIN, | ) | |
| | ) | |
| Plaintiff | ) | Adv. No. 14-5192 |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING JONATHAN LEDIN'S MOTION**
**FOR RECUSAL OF JUDGE NUGENT (Adv. Dkt. 36)**

28 U.S.C. § 455 governs recusal of a bankruptcy judge. Recusal is required if a reasonable person knowing all of the relevant facts would harbor doubts about the

1

judge's impartiality. But where the only facts presented are that the judge has issued a ruling in the case adverse to the movant, the judge is not required to disqualify himself. Because Mr. Ledin asserts no other facts that support disqualification beyond my ruling that a disputed mortgage lien against his property was not a judicial lien subject to avoidance under 11 U.S.C. § 522(f)(1)(A), Ledin's motion for recusal must be denied.

Factual Background

Jonathan Ledin filed his chapter 7 bankruptcy case *pro se* on October 14, 2014. Originally noticed as a no-asset case, it was re-noticed as a potential asset case on December 16, 2014 and a claims bar date of March 27, 2015 was set. Ledin scheduled creditor Wells Fargo on Schedule D with a disputed secured claim by virtue of a mortgage lien. As of March 26, Wells Fargo has not filed a proof of claim.

In this adversary proceeding Ledin alleges that Wells Fargo is "illegally maintaining a mortgage lien" against Plaintiff's real property that he claims exempt in his bankruptcy as his homestead. Plaintiff's father granted the Wells Fargo mortgage and, after he died, Ledin inherited the property. Ledin claims that when Wells Fargo issued a Form 1099-C to his father's estate, it forgave his father's mortgage debt and "statutorily cancels" it, entitling him to the release of the mortgage lien. He relies on the Mortgage Forgiveness Debt Relief Act, an amendment to § 108 of the Internal Revenue Code, to support this claim. He also seeks to avoid the mortgage lien under various provisions of § 522.[1] Wells Fargo filed a motion to dismiss

---

[1] Adv. Dkt. 1.

for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on the basis of the doctrine of *res judicata*, which plaintiff opposes.[2] That motion remains under advisement, but will be decided shortly.[3]

So far, the only ruling I have made in this adversary proceeding is an order denying Ledin's separate Motion to Avoid Lien brought under 11 U.S.C. § 522(f)(1).[4] Ledin filed that motion with his adversary complaint. Wells Fargo objected to the motion and, in accordance with this Court's procedures, the motion was set for a non-evidentiary hearing on the Court's regular monthly motion docket on January 8, 2015. After reviewing the motion and objection, and hearing the arguments of Ledin and counsel for Wells Fargo, I denied the motion because § 522(f)(1)(A) only provides for avoidance of judicial liens that impair an exemption. "Judicial lien" is a defined term in the bankruptcy code and refers to liens that are imposed by judgments or other court orders.[5] Because Ledin's late father granted Wells Fargo's mortgage lien, it is a consensual lien and not a "judicial lien." This Court has no power to avoid a consensual lien under § 522(f)(1).

I directed that counsel for Wells Fargo prepare the journal entry on my ruling. Counsel drafted and serve the proposed order on Ledin under D. Kan. L.B.R. 9074.1, to which he promptly filed a 26-page objection that largely reargued the merits of the

---

[2] *See* Adv. Dkt. 12, 13, 16. By my rough calculation, I am the fourth state or federal judge to hear the allegations made in the complaint.
[3] Due to the pending motion to dismiss, Wells Fargo has not filed an answer to the plaintiff's complaint and no pretrial scheduling or discovery has occurred. In short, plaintiff's complaint is in the earliest stage of litigation.
[4] Adv. Dkt. 4.
[5] 11 U.S.C. § 101(36).

3

avoidance motion. I then convened a hearing on the disputed Order on February 12, 2015 and heard from the parties.[6] In advance of the hearing, I reviewed the electronic recording of the proceedings on January 8, the proposed order, and Ledin's objection. I settled the Order by directing that counsel for Well Fargo revise the proposed order to include two paragraphs and delete other provisions that did not accurately reflect my ruling. The Order, as revised, was signed and entered on February 17, 2015.[7] On February 26, 2015, Ledin filed a motion for relief from that Order under Rule 60(d)(1), to which Wells Fargo has also objected.[8] That, too, remains under advisement.

On March 13, 2015, Ledin filed this motion for my recusal due to (1) my alleged lack of impartiality and repeated failure to apply the law "because Plaintiff is representing himself;" and (2) my alleged repeated failure to "examine the facts and evidence submitted" showing that his claims are valid and supported by the law.[9] Ledin says that I have "allowed defendant Wells Fargo Bank" to violate the automatic stay and certain IRS regulations, and have allowed Wells Fargo to maintain the

---

[6] At the hearing to settle the content of the Order, the Court emphasized that the purpose of the proceeding was to determine whether the proposed order accurately reflected his ruling. Despite this admonition, Ledin proceeded to reargue at length the merits of his avoidance motion and his claims under the adversary complaint. After the Court announced its resolution of the disputed Order in open court, Ledin injected that he would have to ask Judge Nugent to recuse himself because he was "not going to tolerate this kind of abuse." Ledin was obviously agitated and conveyed his general frustration with the proceedings, indicating that he has been trying to get the Wells Fargo mortgage released for seven years and had litigated against Wells Fargo in the state trial and appellate courts, as well as federal district court – all to no avail. The Court explained and reassured Ledin that he was not deciding the validity of the Well Fargo mortgage at that time and that his complaint remained for later adjudication.
[7] Adv. Dkt. 27.
[8] Adv. Dkt. 30.
[9] Adv. Dkt. 36.

mortgage lien against his property.[10] He says my disqualification is required because I have "repeatedly failed to examine the facts and evidence, to include [sic] case law cited by Plaintiff" that his claims are valid and supported by the law.[11] He doesn't say specifically what evidence I have disregarded, nor does he allege any specific misconduct on my part. His complaint about me seems to stem exclusively from my having denied his lien avoidance motion. As discussed below, this is wholly insufficient.

Analysis

Bankruptcy judges are subject to recusal only under 28 U.S.C. § 455.[12] Ledin seeks my disqualification under § 455(a) (impartiality might reasonably be questioned) and § 455(b)(1) (personal bias or prejudice concerning a party).[13] The crux of Ledin's complaint against Wells Fargo is whether its mortgage lien against his homestead is valid. Because of the pending motion to dismiss under Rule 12(b)(6), I have yet to resolve that question. If Ledin's claims survive the motion to dismiss, the case will thereafter proceed with discovery and an evidentiary hearing. Wells Fargo's continued maintenance of its mortgage lien cannot form the basis for my

---

[10] *See* Adv. Dkt. 36, Motion, pp. 2-6. Ledin's allegations merely reference or recite the statutory provisions and regulations and are conclusory in nature; he does not allege any facts to show *how* I have improperly "allowed" the legal violations to occur.
[11] See Adv. Dkt. 36, p. 7.
[12] Fed. R. Bankr. P. 5004(a); *Southwestern Gold, Inc. v. Williams (In re Williams),* 99 B.R. 70, 71 n. 1 (Bankr. D. N.M. 1989). By its terms, 28 U.S.C. § 144 applies only to district court judges. *In re Goodwin,* 194 B.R. 214, 221 (9th Cir. BAP 1996). *See also Liteky v. United States,* 510 U.S. 540 (1994).
[13] Ledin has not asserted a third prong for disqualification under § 455(b)(1) – that the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." The Court will therefore confine its analysis to the personal bias or prejudice grounds for recusal.

5

disqualification. The adversary proceeding is not over and Wells Fargo has taken no action on its mortgage lien post-petition, other than defend or respond to Ledin's voluminous filings.

All that I have decided to date is that Wells Fargo's mortgage lien is not a judicial lien that can be avoided under § 522(f)(1). I did that after receiving pleadings and argument from both sides. The Bankruptcy Code defines a judicial lien as one "obtained by judgment, levy, sequestration, or other legal or equitable powers or proceeding."[14] Section 101(51) defines a "security interest" as a "lien created by an agreement." It is undisputed that Ledin's late father granted the mortgage to Wells Fargo prepetition; as such, it arose by agreement and was a consensual rather than a judicial lien.[15] Ledin acknowledged at the January 8 hearing that Wells Fargo has not foreclosed the mortgage. My denying his lien avoidance motion on the merits falls far short of demonstrating that I am biased or prejudiced against Ledin or that I lack impartiality. It is well-settled that adverse rulings alone are insufficient grounds for disqualification of a bankruptcy judge.[16] As for the adversary complaint alleged against Wells Fargo as noted above, I have not yet considered the merits of the complaint.

---

[14] 11 U.S.C. § 101(36).
[15] *See In re Nichols,* 265 B.R. 831 (10th Cir. BAP 2001) (consensual mortgage lien was not transformed into judicial lien by virtue of state court's foreclosure decree); *In re Ruck,* 451 B.R. 128, 131-32 (Bankr. D. Kan. 2011) (even if mortgage "merged" into foreclosure decree, it did not convert consensual lien of mortgage to judicial lien); KAN. STAT. ANN. § 60-2202(a) (2005) (judgment rendered by state district court shall be a lien on the real estate of the judgment debtor in the county in which the judgment is rendered).
[16] *Lopez v. Behles (In re American Ready Mix, Inc.),* 14 F.3d 1497, 1501 (10th Cir. 1994); *Green v. Dorrell,* 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied* 507 U.S. 940 (1993).

6

In his motion, Ledin cites to my statement (in isolation) made at the January 8 hearing: "That's what we do here." Review of the recording of the hearing shows that I said this at the end of my colloquy with Ledin during which I attempted to articulate my understanding of the meaning and purpose of the Mortgage Forgiveness Debt Relief Act to clarify his misunderstanding of what that Act does and does not provide. Bankruptcy judges regularly deal with the tax consequences of forgiveness of debt. I cannot see how this innocuous statement, taken out of context, casts doubt on my impartiality.[17]

Apart from the adverse ruling on his § 522(f)(1)(A) motion, Ledin identifies no other judicial or extra-judicial conduct that would suggest a lack of impartiality or personal bias or prejudice against him. The test under § 455 is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality.[18] Moreover, an allegation of bias or prejudice under § 455(b)(1) must be based on an "extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[19] Ledin's motion lacks any facts from which a reasonable person could conclude that these legal

---

[17] *See In re American Ready Mix, Inc.,* 14 F.3d 1497, 1501 (evidence that the judge criticized a party is insufficient ground for disqualification); *Liteky v. United States,* 510 U.S. 540 (1994) (Expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display, do not establish bias or partiality).

[18] *In re American Ready Mix, Inc.,* 14 F.3d 1497, 1501. This same test also applies to recusal sought for bias or prejudice under § 455(b)(1). *See Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1341 (9th Cir. 1984).

[19] *In re American Ready Mix, Inc.,* 14 F.3d at 1501, *citing United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *In re Bennett,* 283 B.R. 308, 322 (10th Cir. BAP 2002).

7

standards have been met in this case; it is premised entirely upon Ledin's unfounded belief and misapprehension of the term "judicial lien."[20]

As the Tenth Circuit has noted, judges are as much obliged not to recuse when there is no reason to do so as they are when there is. "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."[21] Because Ledin's allegations do not warrant my recusal, I decline to do so. His motion is DENIED.

# # #

---

[20] *In re Bennett,* 283 B.R. 308, 323 (The initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question; rumor, speculation, beliefs, conclusions, innuendo, opinion, and similar non-factual matters are not grounds for disqualification.)

[21] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).