SO ORDERED.

SIGNED this 16th day of April, 2015.





Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION ONLY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JONATHAN EDWARD LEDIN, | ) | Case No. 14-12347 |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| JONATHAN EDWARD LEDIN, | ) | |
| | ) | |
| Plaintiff | ) | Adv. No. 14-5192 |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION
## TO RELEASE MORTGAGE LIEN (Dkt. 39)

Plaintiff filed this Motion seeking relief that this Court has twice denied and that three other courts have also denied: an order requiring Wells Fargo to release a

1

mortgage lien on his home because the underlying mortgage indebtedness incurred by his late father has been canceled.[1] This is the third pleading filed by Jonathan Ledin in this adversary proceeding alone that seeks that relief. And, this is the third state or federal court to receive and deny that request. Previously in this adversary proceeding, I have denied that relief, first by denying Ledin's motion to avoid a judicial lien under § 522(f)(1)[2] and second, by dismissing the adversary proceeding for failing to state a claim because his claim is barred by the doctrine of *res judicata*.[3] As in his previous filings, Ledin alleges that Wells Fargo violated the federal income reporting regulations under the Mortgage Forgiveness Debt Relief Act of 2007. He again seeks this Court's recusal, relief that I denied in a previous order on March 27, 2015.[4] These repeated filings abuse this court's process and are frivolous. Frequently-made arguments are not bettered by their frequency. This Motion is denied.

Factual Background

Repeating the underlying facts of this case and the protracted history of Ledin's litigation disputing Wells Fargo's mortgage lien serves no purpose in light of the factual background set forth in my Order Granting Wells Fargo's Motion to Dismiss.[5] In the current matter, Ledin asserts that the mortgage should be released "for fraud" but alleges no specific acts of deception, misrepresentation, or fraudulent intent on

---

[1] Dkt. 39.
[2] Dkt. 27.
[3] Dkt. 43.
[4] Dkt. 41.
[5] *See* Dkt. 43 at pp. 4-7. Ledin's pursuit of relief from the mortgage lien has been ongoing since at least 2009 when he commenced a state court quiet title action.

2

the part of Wells Fargo (or the Court).[6] Not only does he again ask that I not further preside over this adversary proceeding, he also demands that Wells Fargo be prevented from filing "any more motions, pleadings, responses, replies, or any other Court Documents."[7] Of course, there is no legal or factual basis for the imposition of such restrictions.

Analysis

Mr. Ledin himself styles his Motion as a "*continued action* for the Court to issue an Order for Defendant Wells Fargo Bank release the lien related to said Mortgage loan."[8] He recites many of the same allegations contained in the adversary complaint that has since been dismissed. Ledin's Motion must be denied for the following reasons.

First, the Motion collaterally attacks my final order dismissing Ledin's complaint. A motion is not the proper procedural mechanism to "renew" or "resurrect" a complaint that has been dismissed with prejudice. Rather, if plaintiff is aggrieved by that order, he should appeal. Second, many of the "claims" contained in the Motion are, as was his adversary complaint, barred by the doctrine of *res judicata*. This Court has already dismissed these claims with prejudice.[9] Third, this Court has already denied Ledin's motion for recusal;[10] the current Motion adds no facts that support disqualification on the grounds of this judge's alleged lack of impartiality. Fourth,

---

[6] *See* Dkt. 39 at p. 1.
[7] *Id.* at p. 2.
[8] *Id.* at p. 4, ¶ 11.
[9] Dkt. 43 at pp. 7-9.
[10] Dkt. 41.

3

Wells Fargo cannot be required to participate in this adversary proceeding without counsel; indeed, D. Kan. L.B.R. 9010.1 requires that a corporation *only* appear and participate in an adversary proceeding through an attorney. Finally, there is no legal or factual basis for prohibiting Wells Fargo from filing pleadings, responses, or motions and otherwise defending against Ledin's oft-repeated claims in this adversary proceeding. Having sued Wells Fargo, he cannot now complain that Wells Fargo is defending itself. Most of Wells Fargo's efforts have been directed at responding to Ledin's motions and other filings.

Conclusion

Ledin's complaint for release of Wells Fargo's mortgage has been dismissed with prejudice. With the entry of the dismissal order, Ledin's recourse is to appeal, not to repeatedly bring the same request for relief, no matter the form, in this Court. His Motion is DENIED.

###