SO ORDERED.

SIGNED this 16th day of April, 2015.





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
 )
JONATHAN EDWARD LEDIN, ) Case No. 14-12347
 ) Chapter 7
                       **Debtor** )
_____ )
 )
JONATHAN EDWARD LEDIN, )
 )
                       **Plaintiff** ) Adv. No. 14-5192
v. )
 )
WELLS FARGO BANK, N.A. )
 )
                       **Defendant.** )
_____ )

**ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT UNDER RULE 60(d)(1) [Dkt. 30]**

When a litigant has no adequate or available remedy following an adverse ruling and can show that a gross injustice or fraud has occurred, Federal Rule of Civil

1

Procedure 60(d)(1) permits an "independent action" to be filed to obtain relief from the adverse ruling. This is an extraordinary remedy. If the litigant files the independent action in a different court than the one that rendered the adverse ruling, he or she must establish the second court's jurisdiction over the independent action.

Here, this Court denied plaintiff's motion to avoid Wells Fargo's mortgage as a judicial lien under § 522(f)(1) in February of 2015. Plaintiff now claims that the 2009 state court quiet title action he filed (and lost) is an independent action in which the state court may grant relief from the bankruptcy court's order. He essentially asks this Court to pause while he seeks relief from its February order in state court and pursues other relief there. But, the plaintiff offers no facts that would support a finding of gross injustice or fraud in the bankruptcy court. Nor did he seek Rule 60(b) relief from this Court's February 2015 order. He did not appeal the ruling either. And in any event, the plaintiff has not shown that a state court of general jurisdiction has jurisdiction to grant relief from a bankruptcy court ruling. He cannot pursue an "independent action" in state court.

Facts

On February 17, 2015 this Court entered an Order denying plaintiff Ledin's motion under § 522(f)(1) of the Bankruptcy Code to avoid and release Wells Fargo's mortgage lien.[1] The Court concluded that Wells Fargo's mortgage constituted a consensual lien that was granted by plaintiff's late father on the property that plaintiff subsequently inherited from his father. Because § 522(f)(1) applies to

---

[1] Dkt. 27.

"judicial liens" that impair a homestead, and because "judicial liens" are defined in the Bankruptcy Code as liens obtained by court order or other process, it didn't apply to Wells Fargo's consensually granted mortgage lien.[2] Plaintiff filed neither a motion for relief from the Order under any of the Fed. R. Civ. P. 60(b) grounds nor an appeal.

Instead, on February 27, 2015, plaintiff filed this Motion for relief from the February Order under Fed. R. Civ. P. 60(d)(1)[3] which Fed. R. Bankr. P. 9024 makes applicable in bankruptcy cases and proceedings. Though the content of the Motion is confusing at best, Ledin complains that Wells Fargo has not confirmed or enforced the parties' settlement agreement in the state court case and that the state court case remains "unresolved." He does not articulate how this relates to the bankruptcy court's ruling which denied his motion to avoid lien under § 522(f)(1).

Analysis

Rule 60(d)(1) recognizes a party's ability to bring an independent action to obtain relief from a judgment or order and provides:

> This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;[4]

---

[2] Ledin also asserted this same claim in his adversary complaint. On March 31, 2015, the Court dismissed the complaint on Wells Fargo's motion under Fed. R. Civ. P. 12(b)(6) and again addressed and rejected Ledin's lien avoidance claim under § 522(f)(1) of the Bankruptcy Code. *See* Dkt. 43 at pp. 9-10 and Dkt. 45.
[3] Dkt. 30.
[4] Fed. R. Civ. P. 60(d)(1).

3

Plaintiff here contends that such an independent action already exists – his 2009 state court quiet title action to obtain a release of the mortgage previously brought against Wells Fargo in Reno County District Court (Case No. 09 CV 315).[5]

The case law indicates that resort to an independent action under Rule 60(d)(1) is available only to prevent gross injustice; either fraud or, as some cases suggest, mutual mistake, must be present.[6] A party seeking relief through an independent action must meet three requirements. Ledin must: (1) show that he has no other available or adequate remedy; (2) demonstrate that his own fault, neglect, or carelessness did not create the situation for which he seeks equitable relief; and (3) establish a recognized ground such as fraud.[7] A Rule 60(d) independent action is not an appropriate vehicle to relitigate issues between the same parties. Its use is rare and is subject to the court's discretion.[8]

Here, Ledin alleges no factual circumstances suggesting the presence of fraud or gross injustice in the bankruptcy court's process or its deliberations. He merely

---

[5] Although it is far from clear, it appears that Ledin intends, or has already filed, in Reno County District Court, Case no. 09 CV 315, a motion for relief from this Court's February 2015 Order. *See* Dkt. 37 at p. 2, ¶ 5 (referencing a motion filed February 23, 2015). That pleading has not been provided to this Court.

[6] *United States v. Beggerly,* 524 U.S. 38, 45 (1998). *See* Wright & Miller, 11 Fed. Prac. & Proc. § 2868 (3d ed.). *See also In re Frazer/Exton Development, L.P.,* 503 B.R. 620, (Bankr. E.D. Pa. 2013) (independent action available only to prevent a "grave miscarriage of justice," citing *Beggerly, supra*); *In re Eresian,* 487 B.R. 53 (Bankr. D. Mass. 2013) (independent action is not a substitute for appeal nor a means to collaterally attack bankruptcy court's prior contempt orders; debtor sanctioned under Rule 9011(b))

[7] *Winfield Assoc., Inc. v. Stonecipher,* 429 F.2d 1087, 1090 (10th Cir. 1970).

[8] *Id.*; *Campaniello Imports, Ltd. V. Saporiti Italia S.P.A.,* 117 F.3d 655, 661 (2d Cir. 1997).

disagrees with its conclusion that the mortgage is not a judicial lien subject to avoidance under § 522(f)(1). Moreover, the previous state court action to which Ledin refers has been fully adjudicated adversely to him. In that quiet title action, the state court upheld the validity of the Wells Fargo mortgage. Ledin appealed that determination to the Kansas Court of Appeals. While the appeal was pending, he entered into a settlement agreement with Wells Fargo. When Ledin failed to perform under the settlement agreement, Wells Fargo sought to enforce the settlement agreement. The Kansas Court of Appeals upheld the settlement agreement and dismissed Ledin's appeal. Its mandate issued on January 24, 2012, more than two years before Ledin filed this chapter 7 bankruptcy case, rendering the adverse state court judgment final. The Reno County state court action cannot be the "independent" action under Rule 60(d)(1). Ledin filed it long before this Court entered its order denying lien avoidance on February 17, 2015. The Reno County case is but one of several unsuccessful lawsuits commenced in state and federal courts by Ledin to obtain a release of the Wells Fargo mortgage.

In order to obtain relief through an independent action under Rule 60(d)(1), Ledin must demonstrate that he has no other available or adequate remedy.[9] He cannot because he could have sought relief from this Court's Order on the grounds of fraud or mistake by motion under Rule 60(b)(1) and (3). The presence of these

---

[9] *See In re Mucci,* 488 B.R. 186, 195-96 (Bankr. D. N.M. 2013)

5

remedies precludes an independent action for relief from the Order in state court under Rule 60(d)(1).[10]

Finally, if a Rule 60(d) independent action is brought in a different court than the one that rendered the order or judgment, the second court must have jurisdiction.[11] Except for certain circumstances not present here, a state court does not have jurisdiction to hear and determine matters in bankruptcy cases or claims arising under the Bankruptcy Code.[12] What Ledin seeks by this Rule 60(d)(1) motion is for the Reno County District Court to relieve him of this Court's Order denying his request to avoid Wells Fargo's mortgage lien under § 522(f)(1). Just as a federal court may not entertain an independent action to obtain relief from a state court judgment in the absence of federal question or diversity jurisdiction, a state court may not exercise jurisdiction over an independent action to obtain relief from a bankruptcy court order.[13]

---

[10] *See Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087, 1090-91 (10th Cir. 1970) (Kansas federal court did not abuse its discretion in denying relief by independent action from default judgment entered by Illinois federal court and registered in Kansas, where defendant "deliberately bypassed the remedy of appeal.")

[11] Fed. Prac. & Proc. § 2868, *supra; Carney v. United States,* 199 Ct. Cl. 160, 462 F.2d 1142, 1144-45 (1972) (Court of claims lacked jurisdiction to hear independent action for relief from judgment of federal district court);

[12] *See In re PRS Ins. Group, Inc.,* 335 B.R. 77 (Bankr. D. Del. 2005) (state court did not have jurisdiction over adversary proceeding; bankruptcy court had exclusive jurisdiction over avoidance actions under the Bankruptcy Code); *In re Lyons,* 489 B.R. 270 (Bankr. N.D. Ga. 2013) (state courts lack jurisdiction to grant relief from the automatic stay); *In re McGhan,* 288 F.3d 1172 (9th Cir. 2002) (state courts are barred from making intrusions on any bankruptcy court order or other core bankruptcy proceedings).

[13] *See Jovaag v. Ott,* 2012 WL 3686087 (N.D. Cal. Aug. 24, 2012) (federal court lacked jurisdiction over independent action challenging state court judgment; federal courts do not interfere in state court proceedings.); *Warriner v. Fink,* 307 F.2d 933 (5th Cir.

Conclusion

Ledin's Motion for relief under Rule 60(d)(1) fails because he has shown no factual circumstances surrounding this Court's ruling denying his § 522(f)(1) motion that could be considered a gross injustice. The motion is DENIED.

The Clerk will supply the Clerk of the District Court of Reno County, Kansas, with a copy of this Order for the information of the judge or judges who have presided over Case No. 09 CV 315.

# # #

---

1962) (federal court lacked jurisdiction to set aside or void foreclosure decree entered by Florida state court); *In re Mitchell,* 255 B.R. 97 (Bankr. D. Mass. 2000) (bankruptcy court may not exercise jurisdiction over dispute if it violates *Rooker-Feldman* doctrine).